849 F.2d 604
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William F. FLIPPO, and wife; Janice C. Flippo, Plaintiffs-Appellants,
v.
UNITED STATES of America; Hoy A. Moose, Defendants-Appellees,
and
Service Enterprise Corporation; Donald A. Johnson; Gregory
C. Garber, Defendants.
William F. FLIPPO, and wife; Janice C. Flippo, Plaintiffs-Appellants,
v.
UNITED STATES of America; Hoy A. Moose, Defendants-Appellees,
and
Service Enterprise Corporation; Donald A. Johnson; Gregory
C. Garber, Defendants.
 Nos. 87-3586(L), 87-3622.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 3, 1988.
Decided: June 7, 1988.
 
 Thomas L. Kummer (Horton & Kummer, on brief), for appellants.
 Jonathan S. Cohen (William S. Rose, Jr., Assistant Attorney General; Gary R. Allen, Kimberly S. Stanley, Michael C. Durney, Michael L. Paup, Tax Division, Department of Justice; Thomas J. Ashcraft, United States Attorney; Charles R. Brewer, Office of the U.S. Attorney, on brief), for appellees.
 Before K.K. HALL and WILKINSON, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 William Flippo appeals the district court's determination that he is not entitled to recover damages from the United States government for wrongful disclosure of income tax information under 26 U.S.C. Sec. 7431. Because the district court was not clearly erroneous in finding that Flippo failed to make the showing of revenue agent negligence that is necessary for recovery, we affirm.
 
 I.
 
 2
 Flippo was assessed a tax penalty under section 6672 of the Internal Revenue Code for delinquent employee withholding taxes. After the IRS had failed to collect the debt in Virginia, Flippo moved to Florida, and the IRS collection efforts followed him there. A revenue agent filed a tax lien against Flippo in Palm Beach County in April 1985. In November 1985, Flippo moved to North Carolina, and his IRS account was moved from the Atlanta IRS office (which handles Florida accounts) to the Memphis office (which covers North Carolina). In January 1986, Flippo paid the penalty assessment in Florida, and the Florida office released the tax lien there. Apparently, however, through "some failure in the record keeping system," the fact that the liability was paid was not communicated to the Memphis office.
 
 
 3
 In June 1986, Revenue Agent Hoy A. Moose was assigned to Flippo's account. There is no allegation that Moose was aware that the penalty had been paid. Moose checked an IRS computer printout and found that the tax liability was listed as unpaid. Moose attempted to telephone Flippo but the party answering the number given to the IRS by Flippo's accountant said that he did not know Flippo. Moose contacted directory assistance, but there was no listing for Flippo.
 
 
 4
 On June 20, 1986, Moose filed a Notice of Federal Tax Lien in Catawba County, North Carolina, identifying the previously paid tax liability as unpaid. Thereafter, Moose continued to try to contact Flippo. He sent out a form letter scheduling a meeting with Flippo to the address confirmed by the Post Office. The letter was not returned, but Flippo did not appear. Moose then sent a certified letter, which was signed for in the name of "William Flippo," but Flippo did not respond. Moose also tried, without success, to contact Flippo through his mother, Bessie. Moose did not, however, make any attempt to contact Flippo's authorized representative, whose name and address were on file with the IRS.
 
 
 5
 On July 19, 1986, Moose served a Notice of Levy against an account in Flippo's name at the Bank of New York. In August, the Bank advised Moose that it had a Release of Federal Tax Lien for the liability in question. Moose then discovered that Flippo had indeed paid the liability months earlier, and released the tax lien in Catawba County and the New York levy.
 
 
 6
 Flippo filed this suit in federal district court in September, 1986. The suit was brought against the United States, Moose, and several nongovernment defendants who were business competitors of Flippo and his company. The complaint basically alleged that Moose and the competitors had conspired to ruin Flippo's business and that Moose and the IRS had damaged Flippo by disclosing tax information through the filing of the lien and levy. The suit sought to enjoin further attempts to collect the tax penalty, and sought damages from each of the named parties.
 
 
 7
 The district court dismissed the suit as to Moose personally, and dismissed the allegations against the nongovernment defendants for failure to allege specific instances of wrongdoing. After a bench trial of the remaining section 7431 claim against the United States, the court held that Flippo was not entitled to damages because: 1) the disclosures did not constitute a violation of section 6103, 2) if they did, the disclosures were not intentional or negligent as required for recovery of damages under section 7431, and 3) no damages were payable in any event because the disclosures were protected by the "good faith" defense in section 7431. Flippo appeals.
 
 II.
 Section 7431 provides that:
 
 8
 If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.
 
 
 9
 The statute thus allows taxpayers to recover damages for wrongful disclosures of tax information, but only if certain conditions are met. Here the district court found that Flippo had not met those conditions because the disclosure involved was not made "knowingly, or by reason of negligence." The district court's finding of fact on this issue must not be disturbed unless it is clearly erroneous. Fed.R.Civ.P. 52.
 
 
 10
 There is no contention here that Moose acted with knowledge that the tax liability had been paid, and he released the lien and levy on learning that it had. The district court further found that there was not sufficient evidence to show that Moose had been negligent. The court emphasized Moose's attempts to contact the taxpayer, including the telephone calls, the form letter, the later certified letter, and the fact that Moose checked the computer printout before acting.
 
 
 11
 Although it is clear that IRS negligence was involved somewhere in this case, Flippo conceded at oral argument that section 7431 requires the taxpayer to show negligence on the part of the individual agent involved. Whether Moose was negligent presented a classic question for the trier of fact, and we decline to disturb the district court's finding. Moose did take measures both to contact Flippo and to verify the existence of the tax obligation before filing the lien. It could plausibly be argued that Moose might have done more, but that is not a sufficient basis for overturning the district court's finding.
 
 
 12
 Because the failure to show that Moose acted negligently was sufficient to preclude recovery under section 7431, we need not address the other issues raised in this appeal concerning section 7431 liability. We find no merit in Flippo's arguments regarding his request for a jury trial and the pretrial dismissal of several of his allegations.
 
 
 13
 The judgment of the district court is hereby
 
 
 14
 AFFIRMED.